UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ROBERT EARL HUGHES, #114579                                                      PETITIONER

V.                                                         CIVIL ACTION NO. 3:13cv139-CWR-FKB

CHRISTOPHER EPPS                                                                 RESPONDENT

REPORT AND RECOMMENDATION

This matter is before the Court on Respondent's Motion to Dismiss Pursuant to § 2244(d) [Docket No. 7]. For the reasons set out below, the Court finds that the Motion to Dismiss should be **granted**.

I. FACTS AND PROCEDURAL HISTORY

Petitioner pleaded guilty to one count of armed robbery in the Circuit Court of Hinds County, Mississippi, and was sentenced to serve twenty-five (25) years in the custody of the Mississippi Department of Corrections, with fifteen (15) years to serve, ten (10) years suspended, and three (3) years of supervised probation. The Order sentencing Petitioner was dated March 14, 2006, and filed May 5, 2006. Docket No. 7-1.

On October 18, 2007, Petitioner filed his first motion for post-conviction relief, which was denied along with his third motion for post-conviction relief, by Order filed May 16, 2011. Petitioner had filed a second motion for post-conviction relief on March 13, 2009, which was denied on March 31, 2009. On appeal of the denial of his first and third post-conviction relief motions, the Mississippi Court of Appeals held that the motions were procedurally barred and that Petitioner had failed to establish any exception to the applicable procedural bars. *Hughes v. State*, 106 So. 3d 836 (Miss. Ct. App. 2012), *reh'g denied* Oct. 16, 2012, *cert. denied* Jan. 24,

2013.

Respondent asserts that since none of Petitioner's motions for post-conviction relief were filed within one year of his judgment becoming final, the one-year federal statute of limitations was not tolled and expired on April 13, 2007. The instant petition was not filed until February 13, 2013.[1]

## II. DISCUSSION

Amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2244(d) provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] "For pleadings submitted by prisoners acting *pro se*, the Fifth Circuit has recognized that a 'mailbox rule' applies and that the date when prison officials receive the pleading from the plaintiff for delivery to the court is considered the time of filing for limitations purposes. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). It may reasonably be inferred that a prisoner delivered his petition to the prison officials for mailing on the date he signed it. *See United States v. O'Kaine*, 971 F.Supp. 1479, 1480 (S.D. Ga. 1997)." *Punch v. State of Louisiana*, 1999 WL 562729, *2 n.3 (E.D. La. July 29, 1999)(unpublished). Since Petitioner signed the instant petition on February 13, 2013 [Docket No. 1], the undersigned has used that date as the filing date, though Petitioner signed an amended petition on May 2, 2013. Docket No. 4.

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1996).

Thus, the AEDPA, enacted on April 24, 1996, imposed a one-year statute of limitations for the filing of a federal habeas petition. Because Petitioner filed for habeas relief after April 24, 1996, the effective date of the AEDPA, the Act's provisions are applicable to his petition. Asserting that the instant Petition does not fall into any of the exceptions listed in § 2244(d)(1)(B)-(D), the Respondent argues that this Petition is untimely. The Court finds, for the reasons explained below, that the Petition at issue was filed after the federal statute of limitations expired.

As stated above, Petitioner's judgment of conviction became final on April 13, 2006. Although there is a statutory prohibition against appeals from guilty pleas, the Mississippi Supreme Court established, during the relevant time period, an exception in cases alleging an illegal sentence. *See Burns v. State*, 344 So. 2d 1189 (Miss. 1977) (Mississippi Supreme Court had jurisdiction to hear appeal attacking sentence). Pursuant to the exception, Petitioner had thirty days in which to file his appeal with the Mississippi Supreme Court. As noted, Petitioner did not perfect an appeal within thirty days. Accordingly, the undersigned agrees with Respondent that Petitioner's conviction became final and the statute of limitations for filing federal habeas relief began to run on April 13, 2006, thirty days after the entry of his guilty plea and sentence in the trial court. Petitioner did not file the instant petition in this Court within one

year of April 13, 2006, and therefore the instant Petition is untimely. "A state prisoner has one year from the date that his conviction became final by the conclusion of direct review or by the expiration of the time for seeking such review to file his §2254 petition." *Duplantis v. Booker*, 273 F.3d 392 (5th Cir. 2001). Petitioner has filed no response to the subject motion to dismiss. Thus, the Court has not been presented with facts sufficiently rare and exceptional to warrant equitable tolling. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling permitted in rare and exceptional circumstances).

### III. CONCLUSION

For the reasons stated above, the Respondent's Motion to Dismiss is **granted**, and this case is dismissed with prejudice.

SO ORDERED, this the 30th day of August, 2013.

    /s/ F. Keith Ball  
UNITED STATES MAGISTRATE JUDGE